**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LISA RYAN MURPHY,
ADC #760343 PLAINTIFF

v. 1:14CV00150-JM-JJV

JOSEPH HUGHES, Doctor,
McPherson Unit; *et al.*, DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I. INTRODUCTION

Lisa Ryan Murphy ("Plaintiff") is an inmate at the McPherson Unit of the Arkansas Department of Correction ("ADC"). She alleges the named Defendants exhibited deliberate indifference to her serious medical needs, retaliated against her for filing lawsuits, and violated her rights under the Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. No. 4.) Now, Defendants Joseph Hughes, Robert Floss, Bernard Williams, and Tinesia Booker have moved for summary judgment on all claims against them. (Doc. No. 22.) Plaintiff has not responded and the deadline for doing so has passed.

## II. BACKGROUND

Plaintiff has raised a number of claims related to her medical care. First, she alleges Dr. Hughes declined to treat her injured leg for two and a half years.[1] (Doc. No. 4 at 6.) Second, she claims Dr. Hughes allowed certain unnamed correctional officers to read her medical jacket in violation of HIPAA. (*Id.*) These correctional officers then allegedly convinced Dr. Hughes to discontinue Plaintiff's access to her wheelchair, bed mattress, and physical therapy. (*Id.*) Third, she

---

[1]Plaintiff does not specify which time period this two and a half years pertains to, but Defendants indicate it occurred between 2011 and January 2014. (Doc. No. 24 at 5-6.)

claims Dr. Hughes stopped providing her pain medication during her recovery from leg surgery. (*Id.*) Fourth, she alleges the motive for curtailing her pain medication was to retaliate against her for filing lawsuits. (*Id.*) Fifth, Plaintiff alleges at a more recent appointment Dr. Hughes made light of her condition, scratched the bottom of her foot with a Q-Tip, and 'acted like' he was going to hit her. (*Id.*) She claims Defendant Booker kicked her walker at this appointment. (*Id.* at 6-7.) Finally, Plaintiff alleges that after this appointment, Dr. Hughes discontinued all treatment for her leg. (*Id.* at 7.) With respect to Defendants Williams and Floss, Plaintiff alleges only that her requests for help to both men failed.

## III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary

judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV. ANALYSIS

Defendants argue that: (1) Plaintiff's claim that her leg was untreated for two and a half years between 2011 and January 2014 is barred by collateral estoppel; (2) Plaintiff failed to exhaust her claims against Dr. Hughes for scratching her foot and acting like he was going to hit her; (3) Plaintiff failed to exhaust any claims against Defendants Booker, Williams, or Floss; and (4) Dr. Hughes's medical treatment of Plaintiff's leg was appropriate and non-retaliatory. After careful review of the record, I conclude Defendants' Motion should be granted.

### A. Collateral Estoppel

Claims are barred by collateral estoppel where "(1) the issue sought to be precluded is identical to the issue previously decided, (2) the prior action resulted in a final adjudication on the merits, (3) the party sought to be estopped was either a party or in privity with a party to the prior action, and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (internal citations omitted). Defendants argue Plaintiff previously litigated her claim that Dr. Hughes failed to treat her leg for two and a half years in *Murphy v. Hughes, et al.*, 1:14-CV-0006-JLH. Therein, Plaintiff explicitly alleged Dr. Hughes failed to treat her knee, back, and neck for two and a half years. (Doc. No. 5 in 1:14-CV-0006.) She also alleged Defendant Williams failed to remedy this lack of treatment during that same period. (*Id.*)

I have reviewed this prior case and note it was ultimately resolved on summary judgment and the claims were dismissed with prejudice after the Court determined Plaintiff had received adequate care between 2011 and January 2014. (Doc. Nos. 54 & 55 in 1:14-CV-0006.) Based on the foregoing and without any response in opposition, I conclude Plaintiff should be estopped from re-

asserting her claim that Dr. Hughes failed to treat her leg for two and a half-years between 2011 and January 2014 or her claim that Defendant Williams declined to intervene on her behalf during that period.

**B. Administrative Exhaustion**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Here, Plaintiff's claims are governed by ADC Directive 14-16. (Doc. No. 23-5 at 2.) The directive requires inmates to submit an informal resolution, a formal grievance, and an appeal to the Assistant and/or Deputy Director level in order to fully exhaust a claim. (*Id*. at 1.) Inmates must specifically name the personnel involved in any grieved incident. (*Id*. at 6.) According to the affidavit of Shelly Byers, ADC Medical Grievance Coordinator, Plaintiff exhausted fourteen medical

grievances[2] during the period relevant to this suit. (*Id*. at 2.) Defendants argue that only six[3] of these grievances - MCP14-418, MCP14-430, MCP14-431, MCP14-00465, MCP-14-00466, MCP-14-00513 - are related to the allegations raised by this suit, however. After close review of these grievances, I agree. These six grievances exhaust only claims against Dr. Hughes.[4] None of the grievances exhaust relevant claims against Defendants Williams, Floss, or Booker,[5] so these Defendants should be dismissed.

**C. Claims Against Dr. Hughes**

1. HIPAA Violations

Plaintiff's HIPAA claims should be dismissed because HIPAA does not provide for a private cause of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

2. Deliberate Indifference to Medical Needs

The Eighth Amendment, which applies to the States through the Due Process Clause of the

---

[2]These grievances are numbered: MCP14-00203, MCP14-00204, MCP14-00211, MCP14-00219, MCP14-00234, MCP14-00235, MCP14-00418, MCP14-00430, MCP14-00431, MCP14-00464, MCP14-00465, MCP14-00466, MCP14-00477, MCP14-00513. (Doc. No. 23-5 at 2.)

[3]Grievances MCP14-00203 and MCP14-00204, while technically relating to Plaintiff's leg issues, impermissibly grieved events which had not yet occurred and did not receive a decision on their merits. (Doc. No. 23-5 at 21-26.) MCP14-00235 raises a retaliation claim, but only in reference to an unrelated ear infection. (*Id*. at 36.)

[4]The exhausted claims against Dr. Hughes are that: (1) he restricted or discontinued Plaintiff's pain medications during the period ranging from May 1 of 2014 to June 25 of 2014; (2) he restricted her pain medication in retaliation for filing lawsuits against him during the period encompassing April 2, 2014 to June 25, 2014; (3) he violated Plaintiff's HIPAA rights on June 4, 2014; (4) he discontinued her wheelchair script, mattress script, and physical therapy on June 4, 2014; and (5) he was aware of Plaintiff's leg problems during the period ranging from April 2 to August 29, 2014, but failed to treat them. I will address these claims on the merits.

[5]MCP14-00430 mentioned Defendant Booker in connection with the purported violation of Plaintiff's HIPAA rights. (Doc. No. 23-5 at 43.) In her Amended Complaint, however, Plaintiff asserts her HIPAA claims only against Dr. Hughes. (Doc. No. 4 at 6.)

Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, Defendants provide substantial evidence that Dr. Hughes's treatment of Plaintiff's leg was medically appropriate. The affidavit of Dr. Floss opines that between April 2, 2014, and August 2014, Plaintiff received substantial and adequate care for her leg. (Doc. No. 23-4 at 1-2.) This treatment included physical therapy, prescriptions for pain medications which were adjusted in accordance with Dr. Hughes's medical judgment, use of a wheelchair and walker as necessary, and several evaluations of her recovery progress. (*Id.*) Plaintiff has not offered her own evidence to the contrary. Based on the foregoing, I find the following deliberate indifference claims against Dr. Hughes should be dismissed with prejudice: (1) her pain medication was discontinued or restricted during the period ranging from May 1, 2014 to June 25, 2014; (2) her access to a wheel-chair, mattress, or physical therapy was discontinued on June 4, 2014; and (3) she received inadequate treatment for leg during the period ranging from April 2, 2014, to August 29, 2014. *See Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that

treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.")

3. Retaliation

Defendants argue that Plaintiff's retaliation claim against Dr. Hughes is not supported by sufficient evidence to survive summary judgment. I agree. Plaintiff's allegation of retaliation against Dr. Hughes is speculative and unsupported by any factual allegations which would render it plausible. *See Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 798 (8th Cir. 2006) ("An issue of fact cannot result from mere denials or conclusory allegations in the pleadings but must be based on specific factual allegations."). The record before me indicates Plaintiff received adequate care for her leg after it was surgically repaired. This included, in the estimation of Dr. Floss, a medically appropriate regimen of pain medication. There is simply no evidence which would support a finding that Dr. Hughes retaliated against Plaintiff by curtailing her access to medication.

**V. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant 'Booker' is 'Tinesia Booker.'

2. Defendants' Motion for Summary Judgment (Doc. No. 22) be GRANTED.

A. Plaintiff's claims that Defendant Joseph Hughes failed to treat her leg for two and a half-years at some point between 2011 and January 2014, and that Defendant Bernard Williams declined to intervene during that same period be DISMISSED with prejudice on the basis of collateral estoppel.

B. The following claims against Defendant Joseph Hughes be DISMISSED with prejudice on their merits:

i. Defendant Hughes restricted or discontinued her pain medications from May 1, 2014, to June 25, 2014.

ii. Defendant Hughes restricted her pain medication in retaliation for filing lawsuits against him during the period encompassing April 2, 2014, to June 25, 2014.

iii. Defendant Hughes violated Plaintiff's Health Insurance Portability and Accountability Act rights on June 4, 2014.

iv. Defendant Hughes discontinued her wheelchair script, mattress script, and physical therapy on June 4, 2014.

v. Defendant Hughes was aware of Plaintiff's leg problems during the period ranging from April 2, 2014, to August 29, 2014, but failed to provide her with adequate treatment during that time.

C. Plaintiff's claims against Defendants Robert Floss, Tinesia Booker, and any remaining claims against Defendants Joseph Hughes and Bernard Williams be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of October, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE